DA 10-0309

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 158N

BILL JORGENSEN, on behalf of and as Personal
Representative of Christopher Jorgensen, deceased,

        Petitioner and Appellant,

   v.

GALLATIN COUNTY,

        Respondent, Appellee and Cross-Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV 07-185A
                Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Jonathan R. Motl; Reynolds, Motl & Sherwood, Helena, Montana

        For Appellee:

        Todd A. Stubbs; Moore, O'Connell & Refling, P.C., Bozeman, Montana

Submitted on Briefs:  April 27, 2011

Decided:  June 28, 2011

Filed:

_____
                      Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Bill Jorgensen ("Bill"), appeals from a jury verdict in the Eighteenth Judicial District Court, Gallatin County, in favor of Gallatin County, finding his son, Christopher Jorgensen ("Christopher"), committed suicide.  Bill alleges numerous errors.  Gallatin County cross-appeals the denial of its summary judgment motion.  We affirm.

¶3      On April 2, 2004, Christopher died of a gunshot wound to the head after he took his former girlfriend A.G., a minor, hostage in her home, choked her to the point of unconsciousness, threatened to kill her, and generally tormented her over the course of several hours.  A.G. was eventually able to call 9-1-1 after she heard a "pop" outside the master bathroom where she was hiding from Christopher.  When the deputies arrived, they pulled A.G. from the bathroom window.

¶4      Once A.G. was safely removed from the home, the deputies entered the home and found Christopher lying on the floor outside of the master bathroom with a gunshot wound to the head.  Medical personnel were allowed in to check Christopher.  It was determined he was deceased.

¶5     After it was determined Christopher was deceased, members of the Gallatin County Sheriff's Office began investigating. A suicide note was found at the scene. The note was partially type-written and partially hand-written, and titled "<u>Death</u>." It indicated that Christopher "decided to end us both." It also said "My <u>evil</u> must end, as must <u>hers</u>." The note implicitly faulted Christopher's father, Bill, among several other people, for Christopher's actions.

¶6     The coroner examined the scene and Christopher's body, both at the scene and the morgue, and concluded the death was a suicide. He did not order an autopsy. A detective with the sheriff's office investigated and determined the death was a suicide. The gun Christopher used was stored in evidence for approximately 2 weeks, but was then released to its owner, Christopher's friend Riddley, without being examined for fingerprints. The bullet, lodged in the ceiling of the master bedroom, was not taken as evidence by the sheriff's office. No blood samples were taken from the scene.

¶7     A.G. was taken to the Law & Justice Center and interviewed. A gunshot residue test was performed. It is unclear from the record what the results of the gunshot residue test were, however no witness testified that A.G. had gunshot residue on her person. A.G. also said that, to her knowledge, no other people were at her home besides herself and Christopher.

¶8     Christopher's father, Bill, certain that his son did not commit suicide but was murdered, began investigating the case himself. Bill obtained copies of the photographs taken at the scene and the morgue, the reports generated in the investigation, a copy of the

3

suicide note, and cassette tapes of two 9-1-1 calls. Bill hired an audio expert, Arlo West, to review the tapes. Bill himself tracked down the trailer, A.G.'s former residence, which had been moved, and recovered the bullet. Bill hired a blood stain pattern expert, Joseph Slemko, to analyze the blood evidence in the photographs taken at the scene. From the information Bill gathered, he was even more convinced that his son was murdered.

¶9 On March 21, 2007, Bill filed a complaint against James Cashell, Gallatin County Sheriff; Duncan MacNab, Gallatin County Coroner; and Gallatin County seeking the following relief:

> 7. For a formal inquest, as provided in MCA, Section 46-4-201, with a jury, for a proper determination of Christopher's death.
>
> 8. For a money judgment to fairly compensate the Petitioner for all losses and damages caused by each Respondent, as proven at trial.
>
> 9. To re-open the investigation into Christopher's death to consider the blood-spatter evidence, and tape-recording evidence, and other evidence not before considered.
>
> 10. To order a change of the cause of Christopher's death from suicide to homicide or some other cause consistent with the evidence presented, other than suicide.
>
> 11. For other relief the court deems necessary and appropriate.

¶10 Trial began January 11, 2010, and lasted for nine days. The jury returned a verdict of suicide, accompanied with the following statement:

> The jury in this case would like to make a statement to the Court, the County officials, and the Jorgensen family. As jurors representing the citizens of the Gallatin County, we wish to express our extreme disappointment and frustration in the manner in which this case was investigated and processed.

4

In the future, our hope is as a result of this case, changes in investigation policies and procedures will be made by Gallatin County officials.

¶11 Judgment was entered February 17, 2010. The Judgment stated:

IT IS ORDERED, ADJUDGED, AND DECREED that the cause and manner of Christopher Jorgensen's death was by suicide and Gallatin County was not negligent per se in the investigation and inquiry into his death; IT IS FURTHER ORDERED that all Petitioner's claims are dismissed with prejudice, and Petitioners take nothing by their claims.

¶12 Bill appeals. The County cross-appeals. Because we affirm the District Court on all issues related to Bill's appeal, we do not address Gallatin County's cross-appeal.

¶13 First, Bill alleges that the District Court erred when it dismissed his common law negligence claim, over objection, for failure to plead common law negligence. Whether a complaint states a claim is a conclusion of law that is reviewed for correctness. *Doty v. Montana Commissioner of Political Practices*, 2007 MT 341, ¶ 9, 340 Mont. 276, 173 P.3d 700. After reviewing the record, we find no reversible error.

¶14 Next, Bill alleges error in numerous evidentiary rulings made by the District Court. The district court has broad discretion regarding the admissibility of evidence. *McCormack v. Andres*, 2008 MT 182, ¶ 22, 343 Mont. 424, 185 P.3d 973. Evidentiary rulings are reviewed for an abuse of discretion. *Id.*; *Peterson v. St. Paul Fire & Marine Ins. Co.*, 2010 MT 187, ¶ 23, 357 Mont. 293, 239 P.3d 904. A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or so exceeds the bounds of reason as to work a substantial injustice. *McCormack*, ¶ 22. After reviewing the record, we find no reversible error.

¶15 Finally, Bill alleges error in the wording of the judgment. He takes issue with the portion reading "Gallatin County was not negligent per se in the investigation and inquiry into [Christopher's] death." However, this is the logical and necessary result of the jury's verdict. We find no reversible error.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, or involve judicial discretion and there clearly was not an abuse of discretion.

¶17 Affirmed.

/S/ MICHAEL E WHEAT

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE